# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LETY RAMIREZ,

        Plaintiff,

v.                                                Case No: 07-2173-JWL-DJW

MIDWEST AIRLINES, INC.,

        Defendant.

## ORDER

This is a class action in which Plaintiff is bringing claims pursuant to the Fair and Accurate Credit Transactions Act (FACTA). Plaintiff alleges that she received a credit card receipt from Defendant that did not comply with FACTA, and she seeks to represent similarly situated customers of Defendant's. Plaintiff further alleges that VISA, among other companies that sell cash registers and other devices for processing credit or debit card payments, informed Defendant about FACTA and Defendant's need to comply with it. In addition, Plaintiff claims that VISA and others required Defendant to truncate credit card and debit card numbers and prevent the printing of expiration dates on receipts. For purposes of this case and the other FACTA cases, Plaintiff subpoenaed Mr. Faith, pursuant to Fed. R. Civ. P. 30(b)(6), to testify to certain matters, including VISA USA's Rules for Visa Merchants, in San Francisco, California, on February 12, 2008.

This matter is before the Court on Defendant's Motion for Protective Order (doc. 32). Pursuant to Fed. R. Civ. P. 26(c) and D. Kan. Rule 26.2, Defendant moves to preclude, due to untimely notice, the February 12, 2008 deposition of a Non-Party Deponent, Mr. Patrick Faith, a VISA USA, Inc. corporate representative. Defendant further moves to require Plaintiff to reschedule the deposition at a mutually-agreeable date and time.

Plaintiff opposes the Motion, arguing that Defendant failed to show good cause pursuant to Fed. R. Civ. P. 26(c), the notice was timely, and Plaintiff acted in good faith in scheduling and noticing the deposition. Fed. R. Civ. P. 26(c)(1) states that "[a] party or person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

The February 12, 2008 deposition has since passed, therefore Defendant's request to preclude the February 12, 2008 deposition is denied as moot. However, the Court finds that Defendant has shown good cause to require Plaintiff to reschedule the deposition at a mutually-agreeable date and time.

IT IS THEREFORE ORDERED THAT Defendant's Motion (doc. 32) is granted in part and denied in part. The parties are ordered to confer and agree upon a date and time to hold the deposition of Mr. Faith. The parties are further ordered to schedule Mr. Faith's deposition on or before May 23, 2008.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of March, 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and *pro se* parties